Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN MULLER, Appellant, for Compensation under the Workmen's Compensation Law, against H. & A. COHEN, INC., Employer, and UNITED STATES CASUALTY COMPANY, Insurance Carrier, Respondents.

Third Department, March 5, 1919.

**Workmen's Compensation Law — claim for assault — when assaults are accidents arising out of employment.**

Claim by superintendent of an apartment house based upon the fact that an assault was committed upon him by a tenant of the building. Evidence examined, and *held*, that the determination of the Commission that the claimant was not engaged in his master's business when the assault was committed and hence was not entitled to an award should be affirmed.

Assaults are accidents arising out of the employment within the meaning of the Workmen's Compensation Law only when the employee is engaged in his master's business.

APPEAL by the claimant, John Muller, from an order of the State Industrial Commission denying an award herein made on the 23d day of April, 1918.

*Peter B. Begg,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], *Robert W. Bonynge,* counsel to State Industrial Commission, and *William H. Hotchkiss,* for the respondents.

LYON, J.:

The vital question in this case is whether the injury was induced by the acts of the employee in the line of his duty, or outside it.

The claimant was the superintendent of an apartment house in the city of New York. An assault was committed upon him by a tenant of the building. The superintendent's version of the affair was that the tenant asked him for a key to the front door, and that the superintendent told him that he had nothing to do with the keys, and with an oath the tenant struck him in the face. The claim of the tenant is

that the evening of the day before the assault the superintendent had gone to the tenant's rooms, and in the absence of the tenant had inquired of the tenant's wife where her husband was working, when he would be home, and what time he left in the morning. The wife, considering the questions insulting, did not answer them, and the superintendent after talking about the fixtures of the room left. The wife told her husband about the visit of the superintendent, and the next morning the husband met the superintendent on the stairs and asked him why he went to his wife and asked fifty cents for the key, why should he not have come to him. The superintendent said to him, " Get out, I have no key, the boss has the key," and with those words hit the tenant upon the wrist with a stick which he had in his hand. Thereupon the tenant struck him in the face. He fell upon the iron railing resulting in an increase of a small hernia. These in short are the two versions of the assault.

Under the testimony in the case the credibility of the witnesses was a question of fact for the determination of the Commission. They evidently believed the version of the assault given by the tenant. Nor could we say, if the matter were for our decision, that in view of the final testimony given before the Commissioners their judgment was not correct. Assaults are accidents arising out of the employment within the meaning of the Workmen's Compensation Law only when the employee is engaged in his master's business. (*Griffin* v. *Roberson & Son,* 176 App. Div. 6.)

The award should be affirmed.

Determination unanimously affirmed.